IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, *EX REL.* MARK R. HERRING, ATTORNEY GENERAL, <br><br> Plaintiff, <br><br> v. <br><br> SKYLINE METRICS, LLC, <br><br> ADVENTIS, INC., <br><br> AND <br><br> BRYANT CASS, an individual, <br><br> Defendants. | Case No. 7:19-CV-00463-EKD <br><br> CONSENT JUDGMENT AND INJUNCTION |

The Plaintiff, Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General ("Commonwealth"), and the Defendants, Skyline Metrics, LLC, Adventis, Inc., and Bryant Cass, represent to the Court that they have resolved this matter and have agreed to this Consent Judgment's terms, as follows:

## STIPULATED RECITALS

1. This Consent Judgment is entered into by the parties, the Commonwealth, Skyline Metrics, LLC, Adventis, Inc., and Bryant Cass.

2. Defendant Skyline Metrics, LLC, was from June 21, 2017, to September 30, 2019, a Virginia limited liability company.

3. Defendant Adventis, Inc., was, from March 26, 2002, to July 31, 2018, a Virginia stock corporation.

4. Defendant Bryant F. Cass is a resident of Roanoke, Virginia. He was a member and manager of Skyline Metrics, LLC, and was the president of, a director of, and the registered agent for Adventis, Inc.

5. The Complaint in this matter alleges the Defendants engaged in the following violations of state and federal laws:

A. Unsolicited robocalling to cellular phones in violation of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(1) and Virginia Code §§ 59.1-518.2 and 59.1-200(A)(50);

B. Initiating calls to numbers on the Do Not Call Registry in violation of 47 C.F.R. § 64.1200(c), (e) and Virginia Code § 59.1-514(B);

C. Failing to disclose the seller's identity or to allow recipients to opt-out of future calls in violation of 47 C.F.R. § 64.1200(b)(1) and Virginia Code § 59.1-512;

D. Failing to disclose the full terms of a refund policy in violation of 16 C.F.R. § 310.3(a)(1)(iii);

E. Deceptive sales practices in violation of Virginia Code § 59.1-200, including misrepresenting the existence and number of vehicle buyers the Defendants had as clients, mispresenting a "money back guarantee" and refund policies and practices, misrepresenting that there would be pre-screening of vehicle buyers, and misrepresenting the use of targeted social media advertising; and

F. Failing to disclose consumers' rights to cancel telephonic home sales in violation of Virginia Code §§ 59.1-21.3, 59.1-21.4, and 59.1-200(A)(19) and to honor timely cancellations as required by Virginia Code §§ 59.1-21.4, 59.1-21.5, and 59.1-200(A)(19).

6. To resolve this matter, the parties have agreed to a settlement of the Complaint and stipulated to entry of the Consent Judgment without trial or adjudication of any issue of fact or law.

7. The parties waive their right to appeal from the Consent Judgment. They voluntarily enter into the Consent Judgment and state that no promises of any kind were made to enter into it, except as provided here.

## ORDER

NOW, THEREFORE, based upon the parties' stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Upon the parties' agreement, the Court hereby enters this Consent Judgment.

2. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1337(a), and 1367(a), 15 U.S.C. § 6103(a), and 47 U.S.C. § 227(g)(2).

3. The Court has personal jurisdiction over the Defendants because they are all residents of Roanoke, Virginia, and transacted business in Roanoke, Virginia.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (c)(1), and (c)(2), 15 U.S.C. § 6103(e), and 47 U.S.C. § 227(g)(4).

5. **No Admissions.** In stipulating to the entry of this Consent Judgment, the Defendants do not admit to any violation of, or liability arising from, any state, federal, or local law.

6. **Five-Year Ban on Telephone Solicitations.** For a period of five years from this Consent Judgment's entry date, Defendant Bryant Cass, either personally or through any business or entity, is enjoined from engaging in, participating in, or assisting others in engaging in telephone solicitations. Telephone solicitation means making or initiating any call for the

purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment. "Ringless voicemails," calls that go directly to voicemail without causing a telephone to ring, are considered a "call" for purposes of this provision and the remainder of this Consent Judgment.

7.  Permanent Injunction. Skyline Metrics, LLC, Adventis, Inc., Bryant Cass, their directors, owners, officers, managers, members, and employees are permanently enjoined from the following:

   A.  Making any call using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii) or Virginia Code § 59.1-518.2.

   B.  Making any call to telephone numbers on the national Do Not Call Registry in violation of 47 C.F.R. § 64.1200(c)(2), 16 C.F.R. § 310.4(b)(1)(iii)(B), or Virginia Code § 59.1-514(B).

   C.  Failing to make required oral disclosures in telephone solicitations as required by Virginia Code §§ 59.1-512, 59.1-513.1 and 47 C.F.R. § 64.1200(b), including failing to promptly disclose the solicitor's first and last name and the name of the person (or entity) on whose behalf the call is being made and, if a live operator is not available to speak within two seconds of the recipient answering a call, failing to play a pre-recorded identification message, which states the name and phone number of the person or entity making the call and allows the call recipient to request not to receive further solicitation calls.

   D.  Failing to honor do not call requests as required by Virginia Code § 59.1-514(A) and 16 C.F.R. § 310.4(b)(ii).

   E.  Failing to include in all home solicitation sales, including sales calls to a

residence, a statement of a buyer's right to cancel and a notice of cancellation form as required by Virginia Code §§ 59.1-21.4 and 59.1-200(A)(19).

   F. Violating any provision of the Virginia Consumer Protection Act, Virginia Code §§ 59.1-196 to 59.1-207, and the Virginia Home Solicitation Sales Act, Virginia Code §§ 59.1-21.1 to 59.1-21.7:1.

   G. Violating any provision of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200, the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 to 6109, and its implementing regulations, 16 C.F.R. §§ 310.1 to 310.7, the Virginia Telephone Privacy Protection Act, Virginia Code §§ 59.1-510 to 59.1-518, and the Virginia Automatic Dialing-Announcing Devices Act, Virginia Code §§ 59.1-518.1 to 518.4.

  8. <u>Restitution</u>. The Commonwealth, as trustee, shall have judgment against and recover from the Defendants, and judgment is hereby entered against the Defendants in the amount of $300,000 for restitution to affected consumers resulting from the telemarketing, sales, and refund practices alleged in the Complaint. In the event that direct restitution to consumers is wholly or partially impracticable or funds remain after restitution is completed, the Commonwealth may deposit as disgorgement any residual funds into the Commonwealth's Regulatory, Consumer Advocacy, Litigation, and Enforcement Revolving Trust Fund for use for consumer protection, education, or enforcement by the Virginia Attorney General in his sole discretion or for other purposes permitted by law.

  9. <u>Information Needed for Restitution</u>. The Defendants will provide to the Commonwealth consumer information for restitution payments, including, as available, names, addresses, phone numbers, amounts paid, payment dates, and refund status.

10. *Method of Restitution.* The Commonwealth will make restitution payments from funds paid under Paragraphs 8 and 11 to consumers allegedly harmed by the Defendants' telemarketing, sales, and refund practices. The Commonwealth will have sole discretion to determine the consumers to whom it pays restitution and the amount of each restitution payment. The Commonwealth may use a settlement administrator to disburse restitution funds and may use restitution funds to pay any settlement administrator and expenses incurred in disbursing restitution funds. The Commonwealth will seek releases from consumers to whom restitution is paid and will confer with the Defendants on the language used for such releases.

11. *Additional Restitution from Accounts Receivable.* The Defendants represent that money from consumer purchasers is held in an account with CardWorks Acquiring, LLC ("CardWorks"), a credit card processor, which the Defendants are presently unable to obtain pursuant to their respective agreement(s) with CardWorks. Such account is designated by Merchant ID XXXXXXXXX829. For purposes of providing additional restitution to consumers resulting from the telemarketing, sales, and refund practices alleged in the Complaint, the Defendants assign, transfer, and set over to the Commonwealth all rights, title, and interest in and to all sums of money now or hereafter deposited in the Account. The Defendants will not seek offsets or counterclaims against the Account or funds therein and expressly acknowledge (i) except as set forth in this Consent Judgment, Defendants have no further right, title, or interest in any funds now or hereafter deposited into the Account or any proceeds therefrom and (ii) CardWorks is a third-party beneficiary with respect to such acknowledgement. The Commonwealth is hereby given the full power and authority to ask, demand, collect, or receive the funds in the Account for consumer restitution or the other purposes set forth in this Consent Judgment. The Commonwealth will adhere to the schedule set forth in Paragraph 15 in asking or

demanding funds in the Account, but it may ask, demand, collect, and receive any remaining funds in the Account after those payments are completed. Upon this Consent Judgment's entry, the Defendants will provide CardWorks the entered Judgment and request CardWorks to transfer funds in the Account to the Commonwealth in accordance with the schedule set forth in Paragraph 15 to the extent sufficient funds are in the Account to make such payments. The Commonwealth will not be obligated to perform or discharge nor does it undertake to perform or discharge any obligation, duty, or liability relating to the Account, and the Defendants will indemnify, hold, harmless, and defend the Commonwealth against any claims, suits, actions, or causes of actions, whether known or unknown, related to this assignment and any liabilities accruing therefrom.

12. <u>Civil Penalties</u>. The Commonwealth shall have judgment against and recover from the Defendants, and judgment is hereby entered against the Defendants in the amount of $5,000 for civil penalties under Virginia Code § 59.1-206.

13. <u>Attorneys' Fees</u>. The Commonwealth shall have judgment against and recover from the Defendants, and judgment is hereby entered against the Defendants in the amount of $3,708.02 for reasonable expenses, costs and attorneys' fees under Virginia Code § 59.1-206 for the investigation and preparation of this action.

14. <u>Payment Method</u>. Defendants agree to pay the $308,708.02 specified in Paragraphs 8, 12, and 13 by certified or cashier's check payable to "Treasurer of Virginia," and send to Geoffrey Ward, Assistant Attorney General, Consumer Protection Section, 202 N. 9th Street, Richmond, Virginia 23219. Defendants will use the same payment method should Defendants receive any money from the account specified in Paragraph 11 before or after the assignment of that account.

15. <u>Payment Plan</u>. Defendants may pay the $308,708.02 specified in Paragraphs 8, 12, 13, and 14 in one lump sum at the execution of this Consent Judgment or as follows:

    A. Within two weeks of the Consent Judgment's entry date, Defendants will make a payment of $155,000.

    B. Within six months of the Consent Judgment's entry date, Defendants will make a payment of $78,000.

    C. Within ten months of the Consent Judgment's entry date, Defendants will pay the remaining balance, $75,708.02.

    D. Should Defendants receive any money from the account specified in Paragraph 11 or any similar accounts held by CardWorks, Defendants will transfer those sums to the Commonwealth with one week of receiving them.

    E. If Defendants do not make any individual payment in the time and manner required here, the entire amount of the judgments in Paragraphs 8, 12, and 13 will become due and immediately owing from Defendants to the Commonwealth and interest at the rate of 6% per year will accrue on any amounts unpaid as of the date of that missed payment.

16. <u>Commonwealth's Reliance Upon the Defendants' Financial Statements</u>. The Commonwealth's agreement to this Consent Judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Defendants' sworn financial statements and supporting documents submitted to the Commonwealth, including the information provided on September 9, 2019, and October 2, 2019. If the Defendants failed to disclose any material asset, made any material misstatement of any asset's value, or made any other material misrepresentation or omission in these financial statements or supporting documents, the Commonwealth may move the Court, after notice to the Defendants and an opportunity to

8

respond, to modify the monetary liability of the Defendants and to award the Commonwealth additional funds and enter judgments against the Defendants in increased amounts for restitution, civil penalties, expenses, costs, and attorneys' fees.

17. Release. Conditioned upon compliance with the above terms and except as otherwise provided in Paragraph 16, the Commonwealth hereby releases Skyline Metrics, LLC, Adventis, Inc., and Bryant Cass of and from any and all claims or causes of action relating to conduct alleged by the Commonwealth in its Complaint that have or could have given rise to the violations of the consumer protection and telemarketing statutes cited in the Complaint. If any of the Defendants file for bankruptcy within 90 days of the Consent Judgment's entry date, this release shall be null and void. In such event, the Commonwealth reserves the right to pursue collection of any amount owed under this Consent Judgment by any and all methods legally available to it, including, but not limited to, filing a complaint to determine dischargeability in connection with any such bankruptcy proceeding. The Defendants agree not to contest any complaint to determine dischargeability filed by the Commonwealth in connection with any bankruptcy.

18. This Consent Judgment may be modified only by this Court's order. After making a good faith effort to obtain the other parties' concurrence for the requested relief, any party may petition this Court to modify the Consent Judgment's terms.

19. A party's waiver or failure to exercise any rights under the Consent Judgment is not a waiver of any right or future rights.

20. A violation of this Consent Judgment's terms may be punishable as contempt and may subject the violator to legal penalties or sanctions.

21. The Court will retain jurisdiction of this matter for purposes of construction,

modification, and enforcement of this Consent Judgment.

IT IS SO ORDERED.

ENTER: 04 / 24 / 2020

/s/ Elizabeth K. Dillon

Judge, United States District Court,
Western District of Virginia

WE ASK FOR AND AGREE TO THIS CONSENT JUDGMENT:

COMMONWEALTH OF VIRGINIA,
EX REL. MARK R. HERRING, ATTORNEY GENERAL

By: _____
Geoffrey L. Ward
VSB No. 89818
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 371-0817
Facsimile: (804) 786-2071
E-mail: gward@oag.state.va.us

Mark S. Kubiak
Assistant Attorney General and Unit Manager

Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section Chief

Counsel for the Commonwealth of Virginia

SKYLINE METRICS, LLC

By: /s Bryant Cass
Bryant Cass, Its Member and Manager
6663 Cotton Hill Road
Roanoke, Virginia 24018

By: _____
J. Benjamin Rottenborn, Its Counsel
VSB No. 84796
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
E-mail: brottenborn@woodsrogers.com

ADVENTIS, INC.

By: /s Bryant Cass

Bryant Cass, Its President and Director
6663 Cotton Hill Road
Roanoke, Virginia 24018

By: *Ben Rottenborn*

J. Benjamin Rottenborn, Its Counsel
VSB No. 84796
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
E-mail: brottenborn@woodsrogers.com


BRYANT CASS, an individual

/s Bryant Cass

6663 Cotton Hill Road
Roanoke, Virginia 24018

By: *Ben Rottenborn*

J. Benjamin Rottenborn, His Counsel
VSB No. 84796
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
E-mail: brottenborn@woodsrogers.com